ARTHUR S. LEVY, as Surviving Partner of the Firm of I. K. COHN & Co., Appellant, *v.* THE JAMES McCREERY REALTY CORPORATION, Respondent.

APPEAL — QUESTION OF FACT. An affirmance by the Appellate Division of a judgment entered upon a verdict dismissing a complaint in an action to recover for services in procuring a tenant for defendant's

property, upon the ground that the defendant was entitled to a dismissal as a matter of law, sustained, there being evidence from which the jury might have found as a matter of fact that the parties had never agreed upon the terms of a lease.

*Cohn* v. *McCreery Realty Corp.*, 102 App. Div. 611, affirmed.

(Argued February 2, 1906; decided February 27, 1906.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 6, 1905, affirming a judgment in favor of defendant entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Emanuel J. Myers* for appellant. The broker having brought Mr. Shubert and Mr. McCreery together and they having come to an agreement "fixing the terms, number of years, the amount of rent and the security that was to be paid," was entitled to his commissions. (*Gilder* v. *Davis*, 137 N. Y. 504 ; *Fraser* v. *Wyckoff*, 63 N. Y. 445; *Sibbald* v. *B. Iron Co.*, 83 N. Y. 378; *Duclos* v. *Cunningham*, 102 N. Y. 678; *Martin* v. *Bliss*, 57 Hun, 157, 159; *Sampson* v. *Ottingen*, 93 App. Div. 226; *Sheinhouse* v. *Klueppel*, 80 App. Div. 445; *Lomer* v. *Meeker*, 25 N. Y. 363; *Wilds* v. *R. R. Co.*, 24 N. Y. 433 ; *Kelly* v. *Burroughs*, 102 N. Y. 93.) When the broker brings the owner "into accord" with the proposed tenant (who accepts the owner's terms), the broker becomes entitled to his commissions, which cannot be defeated because the owner of his own volition and without the proposed tenant's fault, declines to carry out the understanding. (*Gilder* v. *Davies*, 137 N. Y. 504; *Fraser* v. *Wyckoff*, 63 N. Y. 445; *Moses* v. *Bierling*, 31 N. Y. 462; *Sibbald* v. *B. Iron Co.*, 83 N. Y. 378; *Folinsbee* v. *Sawyer*, 8 Misc. Rep. 370 ; *Levy* v. *Ruff*, 4 Misc. Rep. 180 ; *McQuillen* v. *Carpenter*, 72 App. Div. 595 ; *Slater* v. *Holt*, 10 N. Y. S. R. 257; *Barnard* v. *Monnot*, 3 Keyes, 203.)

*Eugene G. Kremer* for respondent. The minds of the parties never met upon the terms of the lease. (*Sibbald* v. *B.*

*Iron Co.,* 83 N. Y. 378; *Gerding* v. *Haskins,* 141 N. Y. 514; *Donovan* v. *White,* 182 N. Y. 43; *Alden* v. *Earl,* 121 N. Y. 688; *Myers* v. *Dean,* 132 N. Y. 65; *Martin* v. *Bliss,* 57 Hun, 157; *Murray* v. *Beard,* 102 N. Y. 505; *Britton* v. *Ferrin,* 171 N. Y. 235.)

HISCOCK, J.    The co-partnership of which the present plaintiff is the surviving member brought an action to recover for services alleged to have been performed in procuring a tenant for defendant's property. The claim was disputed and we think that there was sufficient evidence to sustain the verdict rendered by the jury in favor of defendant upon this issue and that the judgment thereon should be affirmed.

The complaint as originally served amongst other things alleged that plaintiffs " while engaged in business as real estate brokers aforesaid, inquired of the said defendant whether the said defendant desired to rent and lease the premises on the southerly side of Forty-second street in the city of New York  *  *  *  for theatrical purposes, and upon receiving assent thereto entered into negotiations with divers persons. *  *  *  That thereafter and on or about the 3rd day of October, 1901, the said plaintiffs procured and obtained tenants for the said defendant's premises.  *  *  *  That in consideration of such services and the procuring of such tenants the said defendant promised and agreed to pay to the said plaintiffs the sum of Three thousand dollars ($3,000) as compensation for their services."

The evidence introduced in behalf of the plaintiff tended to establish certain negotiations between the parties hereto and other people for the leasing by the latter of only a portion of the premises owned by defendant and referred to in the complaint. This evidence covering only a portion of the premises was regarded by plaintiff as so at variance with the allegations of the original complaint which apparently set forth a contract predicated upon a leasing of the entire premises, that at the close of the case permission was asked to have the complaint amended to conform to the proofs. This request was fol-

lowed by a discussion between the court and the counsel upon the respective sides as to the identity of the portion of the premises for the leasing of which plaintiff was to secure his commissions. This discussion as contained in the record does not very clearly or intelligibly distinguish and bound that portion of the premises which supplies the ground work for plaintiff's claim. Finally the court assumed and stated that the premises involved were correctly shown and described upon a diagram in evidence as Exhibit 8. And thereafter the entire situation was cleared up and the issue between the parties definitely stated and formulated by the court as a claim by the plaintiff " that the defendant employed him to find a tenant for the premises shown on the diagram, Exhibit 8, mentioning practically the metes and bounds. That is a short statement of it, and he says that he did get a tenant for such a piece of property, and you (the defendant) deny that he did so get a tenant, and the real question at issue is did the minds of the defendant and the Shuberts meet upon that piece of property mentioned and described here."

No objection was taken to this statement and summary of the dispute between the parties, and the court thereupon proceeded to submit the case to the jury in accordance with the statement thus made.

We call attention thus specifically and somewhat at length to what took place at the close of the case, because outside of this, considerable vagueness and indefiniteness characterized the proofs and the contentions of the parties. The amendment and statement of the issues as allowed and made by the court and accepted by the litigants, furnishes a very definite and simple test by which to review the trial and proceedings which are now criticised by the plaintiff. The specific question was whether plaintiff's firm brought defendant and a firm of theatrical managers known as Shubert Brothers to an agreement for a lease of the premises described in Exhibit 8.

The learned Appellate Division in effect held that defendant was entitled to a dismissal of the complaint as a matter of law because there was no evidence to sustain the proposition

that plaintiff had procured a tenant of the premises who was acceptable to the defendant; that as a matter of law the Shuberts and the defendant never agreed upon the terms of a lease, and, therefore, plaintiff never earned his commissions.

We do not think that it is necessary to go to this extent in order to affirm the judgment which has been rendered against plaintiff. We think, however, that there certainly was evidence from which a jury might find as a matter of fact that the parties had never agreed upon the terms of a lease, and if this is so, it is our duty to affirm the judgment.

The testimony of the defendant's witnesses is to the effect that while upon October 3, 1901, defendant and the proposed tenants had agreed upon the details of the lease which the latter were ready to execute, the underlying question still remained to be determined by the defendant whether it would or would not rent the premises upon these terms and that subsequently it decided this question in the negative. Isolated expressions may be picked out from the testimony which would bear a different construction, but, taken as a whole, the evidence presented the view stated for the consideration of the jury which adopted it.

Various errors are alleged in connection with the charge of the learned trial justice, but we think that none of these requires a reversal. The issue as framed by him and accepted by the parties was fairly and intelligibly submitted to the jury. While the numerous requests upon the part of plaintiff's counsel for instructions and the somewhat extended colloquies which took place between the court and the jury at times resulted in some confusion of expression, we do not think that this was sufficient to materially obscure the substantial and simple issue which was submitted for the verdict of the jury.

The judgment appealed from should be affirmed, with costs.

CULLEN, Ch. J., GRAY, O'BRIEN, EDWARD T. BARTLETT, WERNER and CHASE, JJ., concur.

Judgment affirmed.